NEELEMAN LAW GROUP
1904 Wetmore Ave., Suite 200
Everett, WA 98201
Telephone:  (425) 212-4800
Facsimile: (425) 212-4802

The Honorable Karen Overstreet
Chapter 13 Proceeding

Location: Marysville

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

IN RE:                                          )
                                                )   Bankruptcy Case No.: 15-11000
PATRICK AND LEENA KIRSCHMAN,                    )
                                                )
Debtors                                         )
                                                )
_____                )
                                                )
PATRICK AND LEENA KIRSCHMAN,                    )   Adversary Case No.:
        Plaintiffs                              )
                                                )
        v.                                      )
                                                )
BANK OF AMERICA,                                )
and John Does 1-3,                              )   COMPLAINT
        Defendants                              )
                                                )
_____                )

Plaintiffs, Patrick and Leena Kirschman, allege and complain against the Defendant,

Bank of America and John Does 1-3, as follows:

**PARTIES**

1. Plaintiffs and Debtors are residents of the State of Washington, Snohomish County.

2. Defendant, Bank of America, is doing business in State of Washington; and this cause of

   action arose in the State of Washington.

3. It is believed that Bank of America is a Depository Institution**.**

Complaint

1904 Wetmore Ave., Suite 200 | **Neeleman**
Everett, WA 98201 | **Law**
P 425.212.4800 || F 425.212.4802 | **Group**

## JURISDICTION & VENUE

4. This action is a core proceeding under § 28 U.S.C.157(b)(2)(I).

5. This court has jurisdiction over this action pursuant to 28 U.S.C. 157(a) and 1334(b).

6. Venue is proper under § 28 U.S.C. 1409.

7. This action is brought pursuant to Bankruptcy Rule 7001(2).

## FACTUAL BACKGROUND

8. Plaintiffs, Patrick and Leena Kirschman, have borrowed money from the following financial institutions and have pledged their principal residence located at 3686 Silver Oak Ct. Bellingham, WA and more fully described in the attached Deeds of Trust for each of the following loans. The present balance is indicated below:

    a. **First Mortgage – Bank of America, N.A.**

        i. Deed of Trust (See Exhibit A).

        ii. Present balance per proof of claim filed by the creditor is $449,517.07 (See Exhibit B).

    b. **Second Mortgage – Bank of America**

        i. Deed of Trust (See Exhibit C).

        ii. Present balance per last statement from the creditor is $63,135.69 (See Exhibit D).

9. The fair market value of the concerned real property and improvements is believed to be less than the 1st mortgage alone as evidenced by the Property Tax Assessment attached hereto as Exhibit E.

10. The 2nd mortgage held by Bank of America is wholly unsecured.

Complaint

1904 Wetmore Ave., Suite 200
Everett, WA 98201
P 425.212.4800 || F 425.212.4802

**Neeleman Law Group**

**FIRST CAUSE OF ACTION**

11. Plaintiffs incorporate herein paragraphs 1 through 10, as is specifically enumerated herein.

12. Pursuant to U.S.C. 506(a), any claim of Bank of America is a "wholly under-secured claim"[1]. The claim is only secured to the extent of the value of the creditor's interest in the property, which in this case is none – zero.

13. That because Bank of America's 2nd Deed of Trust is not an allowed secured claim under U.S.C. §506 (d) it is void and the claim should be "stripped-off"[2].

WHEREFORE, Plaintiffs pray judgment as follows:

**PRAYER FOR RELIEF**

1. That the fair market value securing the collateral of Bank of America is such that the value of the creditor's interest is zero.

2. That the Trust Deed in favor of Bank of America should be stripped from said real property.

---

[1] An "under-secured" claim is one supported by collateral valued at less than the amount of the claim. A "wholly under-secured" means that the supporting collateral has no remaining value after satisfaction of senior encumbrances. In order for a mortgage to be stripped-off, the mortgage must be "wholly unsecured" rather than simply under-secured. (See *In re Ronald Bartee*, 212 F.3d 277 (5th Cir. 2000).

[2] "'Cramdown' is a term of art used to refer to the bifurcation of a claim into secured and unsecured portions pursuant to 11 U.S.C. § 1325(a)(5) [which] allows a Chapter 13 debtor to reduce or eliminate the unsecured portion of the claim." *In re Perry*, 235 B.R. 603, 605n.1 (S.D. Tex. 1999). In effect the secured creditor's claim is limited to the market value of the collateral to which the lien is attached. See *Lomas Mortgage, Inc. v. Louis*, 82 F.3d 1, 1 n.1 (1st Cir. 1996). "When a claim is crammed down to zero, this is referred to as 'strip off' of a claim." *In re Perry*, 235 B.R. at 605 n.1; *In re Ronald Bartee*, 212 F.3d 277, (5th Cir. 2000), Page 4, Footnote 2.

Complaint

1904 Wetmore Ave., Suite 200
Everett, WA 98201
P 425.212.4800 || F 425.212.4802

**Neeleman
Law
Group**

1     3.  For further relief as the Court deems just and proper under the circumstances, including,

2         including costs of this action and attorney's fees if appropriate.

3   DATED this 7th day of May, 2015.

4

5                             /s/ Thomas D. Neeleman
                             Attorney at Law

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Complaint

1904 Wetmore Ave., Suite 200   **Neeleman**
Everett, WA 98201   **Law**
P 425.212.4800 || F 425.212.4802   **Group**